IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES GREGORY MORRIS, | § | |
| Movant, | § | |
| | § | |
| v. | § | No. 3:20-cv-1013-D (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* habeas action brought pursuant to 28 U.S.C. § 2255 by Movant James Gregory Morris, an inmate at FCI-Seagoville. On May 6, 2020, the Court mailed Morris an order and notice of deficiency informing him that his habeas corpus pleadings were not filed on the appropriate form. The Court also sent Morris a court-approved form petition and informed him that failure to cure the deficiency within 30 days could result in a recommendation that his petition be dismissed. More than 30 days passed, and Morris failed to correct the deficiency. On September 8, 2020, the Court mailed a second order and notice of deficiency to Morris informing him, once again, that his habeas corpus pleadings were not filed on the appropriate court-approved form. The Court again sent Morris a court-approved form petition and informed him that failure to cure the deficiency within 30 days could result in a recommendation that his petition be dismissed. The Court received a response from Morris on September 22, 2020, which consisted of the second order and notice of deficiency with Morris's writing

1

on it. In part, Morris wrote, "The above-noted offer to contract is accepted for value and returned." (ECF No. 22 at 2.) Morris has refused to cure the deficiency in his pleadings. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, this litigation cannot proceed until Morris provides his petition on the appropriate form. By failing to provide the Court with a copy of his petition on the appropriate court-approved form, Morris has failed to prosecute his lawsuit and also failed to obey two Court orders. Dismissal without prejudice is warranted under these circumstances.

The Court should dismiss Morris's petition without prejudice under Rule 41(b).

2

SO RECOMMENDED.

Signed September 29, 2020.

                                          REBECCA RUTHERFORD
                                          UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

       A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).